# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KLM GROUP, LP, an Oklahoma Limited Partnership f/k/a Royal Mfg Co, LP, an Oklahoma Limited Partnership, by and through its General Partner KLM Management LLC f/k/a Royal Holdings LLC, an Oklahoma Limited Liability Company; and RIVERCREST LLC, an Oklahoma Limited Liability Company,** | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 19-CV-0068-CVE-JFJ |
| **WACO TITLE COMPANY,** | ) ) | |
| Defendant. | ) ) | |
| **WACO TITLE COMPANY,** | ) ) | |
| Counterclaim Plaintiff/ Third-Party Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| **KLM GROUP, LP, an Oklahoma Limited Partnership f/k/a Royal Mfg Co, LP, an Oklahoma Limited Partnership, by and through its General Partner KLM Management LLC f/k/a Royal Holdings LLC, an Oklahoma Limited Liability Company; and RIVERCREST LLC, an Oklahoma Limited Liability Company,** | ) ) ) ) ) ) ) ) ) ) | |
| Counterclaim Defendants, | ) ) | |
| **AND** | ) ) | |

| | |
|---|---|
| **KLM MANAGEMENT, LLC, formerly** | ) |
| known as Royal Holdings LLC; and | ) |
| **AXEL ROYAL LLC,** | ) |
| | ) |
| Third-Party Defendants. | ) |
| | ) |
| **KLM GROUP, LP, an Oklahoma Limited** | ) |
| **Partnership f/k/a Royal Mfg Co, LP, an** | ) |
| **Oklahoma Limited Partnership, by and** | ) |
| **through its General Partner KLM** | ) |
| **Management LLC f/k/a Royal Holdings LLC,** | ) |
| **an Oklahoma Limited Liability Company;** | ) |
| **KLM MANAGEMENT, LLC; and** | ) |
| **RIVERCREST LLC, an Oklahoma Limited** | ) |
| **Liability Company,** | ) |
| | ) |
| Crossclaim Plaintiffs/ | ) |
| Counter-Crossclaim | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| **AXEL ROYAL LLC,** | ) |
| | ) |
| Crossclaim Defendant/ | ) |
| Counter-Crossclaim | ) |
| Plaintiff. | ) |

## OPINION AND ORDER

On December 13, 2018, plaintiffs KLM Group, LP and Rivercrest LLC filed this suit against defendant Waco Title Company in the District Court of Tulsa County, Oklahoma. Dkt. # 2, at 6. On January 8, 2019, Waco filed an answer, a counterclaim, and a third-party petition for interpleader against KLM Group, Rivercrest, and third-party defendants Axel Royal LLC and KLM Management, LLC. Id. at 26-34. On January 28, 2019, KLM Group, Rivercrest, and KLM Management filed a crossclaim against Axel Royal. Id. at 60-69. Third-party defendant Axel Royal removed the entire

2

action to this Court on February 5, 2019. Dkt. # 2. On February 12, 2019, Axel Royal filed a counter-crossclaim against KLM Group, Rivercrest, and KLM Management (Dkt. # 18). The notice of removal (Dkt. # 2) fails to explain why the case was removed by a third-party defendant, Axel Royal, as opposed to the defendant, Waco. Therefore, on February 21, 2019, the Court issued an order (Dkt. # 21) directing the parties to simultaneously show cause why the case was not improperly removed by a third-party defendant. Axel Royal filed a response to the order to show cause (Dkt. # 25), as well as a supplemental response to the order to show cause (Dkt. # 28). KLM Group and Rivercrest filed a joint response to the order to show cause (Dkt. # 26).[1] Finally, Waco filed a response to the order to show cause (Dkt. # 27).

In its response to the order to show cause (Dkt. # 25), Axel Royal brings to light relevant portions of the answer, counterclaim, and third-party petition filed by defendant Waco in state court. Specifically, Waco, as the escrow agent, has disclaimed any interest in the escrowed monies, sought to deposit the funds into the state court registry, and requested to be discharged from the state court action and from all liability. Id. at 4 (citing Dkt. # 2, at 32-33). Axel Royal, however, does claim an interest in the escrowed monies. Id. at 2-3. Therefore, Axel Royal argues that the real parties in interest are Axel Royal on one side, and KLM Group, Rivercrest, and KLM Management on the other side. Id.

"A court has the power to disregard the position which the parties occupy on the face of the pleadings, ascertain the real controversy, and then arrange them on one side or the other as their real interests lie." State of Okla. ex rel. Williams v. Okla. Natural Gas Corp., 83 F.2d 986, 988 (10th Cir.

---

[1] KLM Group brings this action, and filed its response to the order to show cause, "by and through its General Partner KLM Management LLC." Dkt. # 26, at 2.

1936).  Here, the Court finds that Waco, having disclaimed all rights to the escrowed monies, is merely the depository ultimately responsible for the delivery of the funds to the rightfully entitled party.  Therefore, the Court finds that Waco is merely a nominal party.  Further, the principal purpose of Waco's third-party petition for interpleader is clear: to determine the rightful owner of the funds in dispute.  Because Axel Royal claims an interest in the escrowed monies, the Court finds that Axel Royal is a real party of interest, and should be deemed a party-defendant to this action.  Further, the fact that Waco did not consent to Axel Royal's removal of the action is irrelevant, because Waco is a nominal party.  <u>NPI, Inc. v. Pagoda Ventures, Ltd.</u>, No. 08-CV-0346-TCK-SAJ, 2008 WL 11380031, at *1 n.2 (N.D. Okla. June 25, 2008).  Accordingly, the Court finds that Axel Royal, as a party-defendant, properly removed the action pursuant to 28 U.S.C. § 1441(a).

Turning to whether the action was properly removed on the basis of diversity of citizenship, the Court looks to the citizenship of the real parties in interest and disregards the presence of a nominal party with no real interest in the controversy.  <u>Hann v. City of Clinton, Okla.</u>, 131 F.2d 978, 981 (10th Cir. 1942).  The real parties in interest are KLM Group, Rivercrest, and KLM Management on one side, and Axel Royal on the other side.  Plaintiffs, who are deemed citizens of Oklahoma, argue that complete diversity is lacking because Axel Royal's principal place of business is in Tulsa, Oklahoma.  However, Axel Royal is a limited liability company (LLC), and the citizenship of an LLC is not determined by its principal place of business.  Rather "an LLC, as an unincorporated association, takes the citizenship of all its members."  <u>Siloam Springs Hotel, LLC v. Century Surety Co.</u>, 781 F.3d 1233, 1234 (10th Cir. 2015).  Here, Axel Royal's members are residents of Missouri and Delaware; therefore, Axel Royal is deemed a citizen of those states for the purposes of diversity jurisdiction.  Moreover, because Waco is a nominal party, its citizenship is

4

immaterial to determining diversity jurisdiction. <u>Hann</u>, 131 F.2d at 981. Accordingly, the Court finds that the complete diversity requirement is satisfied.

**IT IS THEREFORE ORDERED** that Axel Royal LLC is **deemed a party-defendant** to the action.

**IT IS FURTHER ORDERED** that Axel Royal LLC, as a party-defendant, **properly removed** the action pursuant to 28 U.S.C. § 1441(a).

**IT IS FURTHER ORDERED** that counsel for Waco Title Company is directed to file a motion to interplead the disputed funds under Federal Rule of Civil Procedure 22, and a motion to be dismissed from the action, no later than **March 29, 2019**.

**IT IS FURTHER ORDERED** that all parties shall respond to Waco's motions no later than **April 5, 2019**.

**DATED** this 22nd day of March, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE